PATRICK SLINEY *vs.* DULUTH & WINNIPEG RAILROAD COMPANY.

June 29, 1891.

Railway—Employe on Hand-Car Injured by Collision—Assumption of Risk.—An employe in charge of a hand-car on a railway track, whose duty it was to return with it before night, stopped by the way, and spent the evening in social pleasure at neighboring saloons, and wrongfully delayed his return till it became too dark to observe freight-cars which had in the mean time been left by the railway company standing on the track. *Held,* that he voluntarily took the risk of running his car in the darkness, under the circumstances.

Action brought in the district court for St. Louis county, to recover $25,000 for personal injuries. Trial before *Stearns,* J., who ordered a dismissal at the close of the evidence for plaintiff. Appeal by plaintiff from an order refusing a new trial.

*True & Wetherby,* for appellant.

*W. A. Barr* and *White & Hewit,* for respondent.

VANDERBURGH, J. The plaintiff was, as he alleges, in the employment of the defendant, on the 13th day of June, 1890, and was working on its road near the village of Cloquet. In the afternoon of that day, by the direction of the foreman, he and three other laborers took a hand-car and transported a passenger to North Pacific Junction, a distance of about seven or eight miles. The place where they were at work, and where they boarded and lodged, was about one and one-half miles west of Cloquet, and it was their duty to return with the car within a reasonable time. They arrived at Cloquet on their way back about 7 o'clock P. M., and more than an hour before dark. There they stopped and spent the evening chiefly

at the saloons for their own pleasure, where they drank intoxicating liquors; and when they left Cloquet it was later than 9 o'clock, and they were all more or less under the influence of liquor. They proceeded with the car at the rate of seven miles per hour, and when approaching the station near their boarding-car they ran into a freight-car standing on the track, which they did not see in the dark, and which had no lights or signals to warn them of their danger, and the plaintiff was thrown off the hand-car and seriously injured. It was a lawful act, for aught that appears, for the company to stand freight-cars on the track in question. The company, therefore, was guilty of no breach of duty to the plaintiff in leaving these cars on the track at the place in question. It is not so claimed, but it is urged that the defendant should have provided signal lights to warn persons approaching on the track. This, however, was not necessary in daylight, and the company owed no such duty to their employes or others not rightfully occupying the track after dark. It is true, these persons in charge of the hand-car were bound to return with the hand-car, and in so doing must use the track; but they cannot complain of obstructions or cars on the track placed there in the ordinary course of the business of the company, which they did not discover because of the darkness, if, through their own folly and breach of duty to the defendant, their return was delayed till after it became too dark to proceed with safety, whereby they disabled themselves from discovering any obstructions they might otherwise have avoided. Having thus placed themselves in the wrong, they took the risk of the darkness, and were bound to proceed with such caution as might be necessary to secure their safety. They had only a little over a mile to run; but, though they claim that it was too dark to see the freight-cars on the track, they were running at the rate of at least seven miles an hour when the collision occurred; and the nature of the accident and effect of the collision show that they were not running with proper caution under the circumstances. Upon the case made by plaintiff he was not entitled to recover, and the action was properly dismissed.

Order affirmed.